UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-22325-BLOOM/Otazo-Reyes

RICHARD ARJUN KAUL, M.D. *et al.*,

    Plaintiffs,

v.

FEDERATION STATE MEDICAL
BOARDS – FLORIDA BOARD OF
MEDICINE, *et al.*,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Federation of State Medical Boards of the United States, Inc.'s ("FSMB") Motion to Dismiss, ECF No. [17] ("Motion"), filed on August 3, 2023. The deadline for Plaintiff Richard Arjun Kaul, M.D. ("Kaul") and David Basch, M.D. to file a Response was on August 17, 2023, and neither Plaintiff complied nor requested an extension of time.[1] The Court has reviewed the Motion, the record as a whole, Kaul's history of litigation, the filing injunction entered against him, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

On July 5, 2023, Plaintiffs filed a 154-page Amended Complaint against Defendants Federation State Medical Boards-Florida Board of Medicine, Governor Christopher J. Christie, Daniel Stolz, Robert Heary, GEICO, Jane Doe, and John Doe ("Defendants"). ECF No. [6]. The Amended Complaint is difficult to follow, but it appears to allege eleven counts arising under the

---

[1] Plaintiffs' failure to respond to Defendant's Motion is "deemed sufficient cause for granting the motion by default." S.D. Fla. L.R. 7.1(c)(1); *see also GolTV, Inc. v. Fox Sports Latin Am. Ltd.*, 277 F. Supp. 3d 1301, 1311 n.7 (S.D. Fla. 2017) ("When a party fails to respond to an argument or address a claim in a responsive brief, such argument or claim can be deemed abandoned.").

Racketeer Influenced and Corrupt Organizations Act (RICO), a § 1983 claim, and a violation of the United Nations Universal Declaration of Human Rights. In general, the Amended Complaint complains of the revocation of Kaul's medical license in New Jersey in 2012 and a vast, sprawling conspiracy by Defendants to unlawfully prohibit him from practicing medicine.

FSMB argues that the Amended Complaint fails to comply with Federal Rule of Civil Procedure 8(a)(2), which requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" FSMB is indisputably correct. As the District of Massachusetts described a similar pleading filed by Plaintiff Kaul, the Amended Complaint is replete with "bizarre, far-fetched" claims, including, for example, "spurious comparisons between the insurance industry . . . and Nazi Germany and slavery[.]" *Kaul v. Boston Partners, Inc.*, No. 21-CV-10326-ADB, 2021 WL 3272216, at *3 (D. Mass. July 30, 2021). In short, FSMB is correct that there is nothing "short and plain" about the Amended Complaint, so dismissal for failure to comply with Rule 8(a)(2) is appropriate.

The Motion additionally argues that dismissal with prejudice is appropriate because Plaintiff Kaul has violated a filing injunction entered against him on September 12, 2022 in *Kaul v. Intercontinental Exchange*, No. 21-cv-6992 (S.D.N.Y. Sept. 12, 2022) (the "S.D.N.Y. Case"). ECF No. [17] at 2. That case, like the present case, alleged a vast conspiracy relating to the revocation of Kaul's medical license. The S.D.N.Y. court examined Kaul's "history of being a vexatious and harassing litigant" and found that he had filed "at least twelve lawsuits outside the District of New Jersey," all of which "concern the denial of his medical license in New Jersey as well as subsequent related proceedings." *Id.* at 17. He "has not prevailed in any of the twelve duplicative cases he has filed with the district courts around the United States." *Id.* at 18. His lawsuits "caused needless expense to other parties" and burdened court personnel. *Id*. at 19. The

S.D.N.Y. court dismissed Plaintiff Kaul's lawsuit with prejudice.

The S.D.N.Y. court also deemed it necessary to issue a filing injunction against Kaul due to his "extensive history of duplicative lawsuits." *Id.* at 17. "For years, Kaul has filed cases in improper venues and then voluntarily dismissed them once they reach the District of New Jersey." *Id*. The court found that no lesser sanctions would be adequate to abate Kaul's vexatious litigation. Accordingly, it imposed an injunction against Kaul:

> from filing in any United States district court any action . . . against any of the Defendants named in this litigation that relates to or arises from (i) the denial of his medical license, (ii) subsequent litigation proceedings initiated by the Defendants here before the date of this Order; (iii) subsequent litigation proceedings initiated by Plaintiff Kaul before the date of this Order; without first obtaining leave from this Court.

*Id.* at 20.

Kaul's present lawsuit is brought by the same two named plaintiffs as in the S.D.N.Y. case (Kaul and Basch), and it names many of the same Defendants as in the that case (GEICO, Federation State Medical Boards, Christopher J. Christie, Daniel Stolz). While the 154-page Complaint is difficult to follow, ECF No. [6], it plainly "relates to or arises from [ ] the denial of [Kaul's] medical license."

Filing injunctions issued by other district courts are enforceable in this District. *See Martin-Trigona v. Shaw*, 986 F.2d 1284, 1387 (11th Cir. 1993) (affirming dismissal pursuant to an injunction entered by the District Court of Connecticut). "The only restriction [the Eleventh] Circuit has placed upon injunctions designed to protect against abusive and vexatious litigation is that a litigant cannot be 'completely foreclosed from any access to the court.'" *Id*. (quoting *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) (en banc)). The Eleventh Circuit has "upheld dismissals of *pro se* actions where the plaintiffs, who were frequent litigators, violated injunctions prohibiting them from filing or attempting to initiate any new lawsuits in any federal court without

3

first obtaining leave of the court." *Dinardo v. Palm Beach Cnty. Cir. Ct. Judge*, 199 F. App'x 731, 735 (11th Cir. 2006) (affirming a district court's *sua sponte* dismissal order for failure to comply with a filing injunction).

The S.D.N.Y. court's filing injunction does not completely foreclose Plaintiff Kaul's access to the court. Only certain claims against certain Defendants are covered by that injunction, and the injunction allows him to file new cases so long as he first seeks leave to do so. ECF No. [17-1] at 20. Similar injunctions are routinely upheld. *See, e.g.*, *Dinardo*, 199 F. App'x at 737.

In sum, the Amended Complaint is in violation of a valid filing injunction entered by the Southern District of New York. "Dismissal of a complaint with prejudice is an appropriate means to enforce violations of such injunctions." *Martin-Trigona*, 986 F.2d at 1388.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant FMSB's Motion to Dismiss, **ECF No. [17]**, is **GRANTED**.

2. Kaul's Amended Complaint, **ECF No. [6]**, is **DISMISSED WITH PREJUDICE**.

3. To the extent not otherwise disposed of, all pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**.

4. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 22, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

Richard Arjun Kaul

Case No. 23-cv-22325-BLOOM/Otazo-Reyes

24 Washington Valley Road
Morristown, NY 07960

David Basch
90 S. Sparta Ave.
Sparta, NJ 07871